# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAND COMPANIES, INC.,
        Plaintiff,

v.                                      Case No. 15-C-0611

GOODMAN MANUFACTURING CO., L.P.,
        Defendant.

## ORDER

Sand Companies, Inc., has filed a complaint in this court and asserts that federal jurisdiction exists under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. I must examine newly filed complaints to ensure that they properly allege facts that, if true, would establish that federal jurisdiction exists. See Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (plaintiff has burden of demonstrating that jurisdictional requirements are met); Wisconsin Knife Works v. National Metal Crafter, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged"). As explained below, in this case the complaint does not properly allege such facts.

The plaintiff is a corporation, and a corporation is deemed a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Although the complaint identifies the plaintiff's principal place of business, it does not identify its state of incorporation. Rather, the complaint alleges that the plaintiff is a "foreign" corporation, which I assume means that it is not incorporated in

Wisconsin. But unless I know in which foreign state the plaintiff is incorporated, I cannot determine whether it is a citizen of any state of which the defendant is also a citizen. Thus, the state in which the plaintiff is incorporated must be identified.

The defendant appears to be a limited partnership or a limited liability company. (The complaint alleges that the defendant is a limited liability corporation, but the "L.P." in the defendant's name implies that it is a limited partnership.) The citizenship of a limited partnership is determined by the citizenship of each of its partners, see Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569 (2004), and the citizenship of a limited liability company is determined by the citizenship of each of its members, see Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007). However, the complaint does not identify the partners or members of the defendant or the citizenship of such partners or members. Before this case may proceed in federal court, the citizenship of such partners or members must be properly alleged.

Accordingly, **IT IS ORDERED** that, within 21 days of the date of this order, the plaintiff shall file an amended complaint that corrects the defects identified above. If no amended complaint is filed within that time, I will dismiss this case for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 26th of May, 2015.

    s/ Lynn Adelman

    _____
    LYNN ADELMAN
    District Judge